UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.R., a minor, by and through his Guardian ad Litem, Terresa Rice, and TERRESA RICE,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CLASSICAL ACADEMY, INC.,<br><br>    Defendant. | Case No.: 24-cv-01808-AJB-AHG<br><br>**ORDER SETTING HEARING**<br><br>**(Doc. No. 30)** |

Before the Court is the parties' joint motion for dismissal. (Doc. No. 30.) The instant action seeks judicial review of a special education administrative due process decision regarding Plaintiff J.R., who at the initiation of litigation was seventeen years old, and recovery of administrative attorneys' fees. (Complaint ("Compl."), Doc. No. 1.) Due to the competency of Plaintiff J.R. at the commencement of this action, the Court requires additional information to address the instant joint motion for dismissal.

**I.    BACKGROUND**

The Complaint alleges that "Plaintiff J.R. is a seventeen-year-old student who is diagnosed with autism spectrum disorder, attention deficit hyperactivity disorder, a

depressive disorder, post traumatic stress disorder and various learning disorders[,]" and was "diagnos[ed with a] mild to moderate neurocognitive disorder related to a traumatic brain injury" ("TBI") after sustaining a "head injury at school caused by bullying[.]" (Compl. ¶ 10.) Further, Plaintiffs state that "[u]pon [J.R.'s] enrollment, Defendant TCA [(The Classical Academy)] as on notice that J.R. required an IEP, and that his IEP required him to have 1:1 aide supervision in the form of an aide at all times, including during lunch[,]" along with "specialized academic instruction, speech therapy, occupational therapy and counseling services." (*Id.* ¶ 13.) On October 10, 2024, Terresa Rice filed an ex parte application for appointment as Plaintiff J.R.'s guardian ad litem due to his age. (Doc. No. 5.) The Court granted the motion and appointed Terresa Rice as guardian ad litem on October 11, 2024. (Doc. No. 6.)

The parties filed an initial notice of settlement on June 10, 2025, (Doc. No. 22), and then again on August 29, 2025, (Doc. No. 28). In the latest notice of settlement, the parties refer to Plaintiff J.R. as "a minor with disabilities, by and through his *Guardian ad Litem*, TERRESA RICE[.]" (*Id.* at 2.) However, the parties also state that "[o]n July 13, 2025, Plaintiff J.R. reached the age of majority, thus alleviating any need for a motion to approve the settlement pursuant to Civil Local Rule 17.1.a." (*Id.* ¶ 5.)

## II.     LEGAL STANDARD

District courts have a special duty to safeguard the interests of litigants who are minors or otherwise incompetent. *See* Fed. R. Civ. P. 17(c)(2) (requiring courts to "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."); *see also United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986) ("Fed. R. Civ. P. 17(c) requires a court to take whatever measures it deems proper to protect an incompetent person during litigation.").

In keeping with this duty, this District's Civil Local Rules provide that "[n]o action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." CivLR 17.1.a.

"Capacity to sue or be sued is determined . . . for an individual who is not acting in a representative capacity[] by the law of the individual's domicile[.]" Fed. R. Civ. P. 17(b)(1).

In California, "a person who lacks legal capacity to make decisions" includes:

(A) A person who lacks capacity to understand the nature or consequences of the action or proceeding.

(B) A person who lacks capacity to assist the person's attorney in the preparation of the case.

(C) A person for whom a conservator may be appointed pursuant to Section 1801 of the Probate Code.

Cal. Civ. Proc. Code § 372(a)(4).[1]

## III.    DISCUSSION

Although Plaintiff Terresa Rice sought appointment as Plaintiff J.R.'s guardian ad litem solely on the basis of his age, the pleadings suggest Plaintiff J.R.'s disability may be severe enough to impact his competency as an adult. *See AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1046 (E.D. Cal. 2015) ("Because these facts raised substantial questions about General Yeager's competence, the court concluded it was bound to exercise its 'legal obligation' under Federal Rule of Civil Procedure 17(c) to consider whether the appointment of a guardian or some other order was necessary to protect his interests in this case."); *see, e.g.*, *Fletcher for Rose v. Fresno Food Concept, Inc.*, No. 122CV00180AWIBAM, 2022 WL 815822, at *1 (E.D. Cal. Mar. 17, 2022) (appointing a guardian ad litem for an adult with a TBI). Nothing before the Court addresses Plaintiff J.R.'s competency or requests termination of Plaintiff Terresa Rice's role as guardian ad litem.

///

---

[1] Section 1801 of the Probate Code states, subject to some limitations, that a conservator may be appointed for a person who (a) "is unable to provide properly for his or her personal needs for physical health, food, clothing, or shelter," (b) "is substantially unable to manage his or her own financial resources or resist fraud or undue influence," (c) qualifies under both (a) and (b), or (d) "for a developmentally disabled adult." Cal. Prob. Code § 1801.

Accordingly, under the circumstances, the Court requires additional information to determine whether dismissal of the instant action requires approval of the settlement of Plaintiff J.R.'s claims. To that end, the Court hereby **ORDERS**:

1. **No later than October 15, 2025**, Plaintiffs are to file a supplemental brief addressing Plaintiff J.R.'s competency. The brief should not exceed **three pages**, exclusive exhibits, and may be supported evidence such as a declaration or report by a treating physician.[2]

2. A hearing on the issue of competency is **SET** for **2:00 PM** on **October 20, 2025**, in Courtroom 4A. *See* J. Battaglia Civ. Case Proc. § II.

3. Should the Court determine that Rule 17(c)(2) of the Federal Rules of Civil Procedure and Civil Local Rule 17.1 apply to the settlement of Plaintiff J.R.'s claims, the parties should be prepared to file a joint motion for settlement approval addressing the requirements of Civil Local Rule 17.1.b, along with a copy of the settlement agreement, **no later than October 27, 2025**.

IT IS SO ORDERED.

Dated:  October 3, 2025

Hon. Anthony J. Battaglia
United States District Judge

---

[2]  Plaintiffs may file a corresponding motion to file portions of the supplement under seal. *See* J. Battaglia Civ. Case Proc. § IV.